## CONROY vs. WOODS.

*Twelfth Judicial District Court, August* 1857.

### COPARTNERSHIP PROPERTY.

Where a person purchases partnership property, subject to partnership debts, and a third person gives him credit with a knowledge of this fact, the property will remain liable for the partnership debts, and cannot be taken to pay the individual debt of the purchaser.

When such a lien has been acquired, he may apply to a court of equity to enforce or protect his rights.

The facts of this case are sufficiently referred to in the opinion of the court, to give a correct view of its merits. The decision was given on a motion to dissolve an injunction restraining one of the defendants from selling under execution partnership property to pay an individual debt of one of the copartners.

*Joseph Simpson* and *C. V. Grey*, for plaintiff.

*G. F. & W. H. Sharp*, for defendant.

NORTON, J.—The material facts in this case are, that Brooks and Moore being members of a firm composed of Bonney, Brooks & Moore, sold out their interest in the property of the firm to Bell, subject to the partnership debts. Bell then sold to Bonney. Subsequently to this, Woods obtained a judgment against Bonney, and has levied upon and is about to sell this property as the individual property of Bonney. The plaintiffs have since commenced an action against all the members of the firm on a copartnership debt, and have attached the same property and obtained judgment, and have issued execution. This bill is filed to restrain the sheriff from paying over the proceeds of the sale to Woods, and asking a decree that those proceeds be first applied to the payment of their debt

Inasmuch as the sale to Bell by Brooks and Moore was not of the property itself, but only their interest in it subject to the partnership debts, there is no doubt that the property still remains liable to the payment of the partnership debts, and the knowledge of Woods of the whole transaction precludes him from claiming any benefit on the ground

of having given Bonney credit upon the apparent ownership of the property.

It is a settled principle of equity, that partnership property must be applied to the payment of partnership debts in preference to the debts of the individual partners, but the mode of enforcing this principle is not entirely settled. It is sometimes said that it is not a distinct legal right of the creditor, which he can apply to a court directly to enforce or protect, but it is only a rule which a court of equity will observe in distributing partnership effects over which the court may have obtained jurisdiction upon other grounds. In the case of *Robb* vs. *Stevens,* (Clark's Ch. Rep., 191,) it was held that an action like this, brought by a creditor at large, could not be sustained, but this was apparently upon the ground that no specific lien or equitable claim upon the property, had been acquired by judgment or execution, and the Vice Chancellor speaks of the right as liable to be affected by *execution,* death and bankruptcy. In the case of *Jackson* vs. *Cornell,* (1 Saund. Ch. 348) it was decided in an action by a judgment creditor, that an assignment made by an insolvent upon trusts in violation of this equity,—that is, in trust to pay copartnership debts out of individual property in preference to the individual debts, was fraudulent and void as against the individual creditor. If this decision is correct it can only be on the ground that this equity is a distinct equal right of the creditor, at least after he has acquired a specific lien or right by judgment. I think that this view of the character of this right is correct, and that when such a lien has been acquired, the creditor becomes invested with a right which he may apply to a court of equity to enforce or protect. If then, the right of priority of payment is exposed to be defeated or greatly embarrassed, by a sale of the property as the individual property of one of the partners, as in this case, and can only be adequately protected by the exercise of the equity powers of the court, I can see no objection to entertaining this action.

The injunction must be modified so as to allow the sheriff to sell the property and deposit the proceeds with the clerk of this court, subject to the further order of the court.